# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| ROXANNE TIDEMANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 03 C 998 |
| SCHIFF, HARDIN & WAITE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In July 1989, Roxanne Tidemann was severely injured in the course of her employment when a golf cart in which she was sitting unexpectedly accelerated and crashed through a garage door. The golf cart had been manufactured by Club Car, Inc. and reconditioned by Nadler Golf Car Sales, Inc. Tidemann retained attorneys Robert Riley, Sam Menegas, and Carol Prygrosky at the law firm of Schiff, Hardin & Waite to represent her in a product liability suit to recover damages for the injuries she suffered in the accident. Tidemann lost her case at trial, and the trial court entered judgment and a cost award against her in 1999. The Seventh Circuit affirmed the judgment in August 2000. Tidemann sued Schiff Hardin, Riley, Menegas, and Prygrosky in August 2002 for malpractice in handling her case.[1] She alleges that defendants committed malpractice by failing to name Club Car as a defendant, failing to conduct a timely inspection of the defective golf cart, and failing to lay a foundation for the admission of expert testimony at

---

[1] The lawsuit was originally filed in Minnesota, was removed to federal court there based on diversity of citizenship, and then was transferred to this District under 28 U.S.C. § 1404(a).

1

trial. Fourth Am. Comp. ¶ 35.

Defendants have moved for summary judgment, claiming that Tidemann's case is barred by the statutes of repose and limitations governing legal malpractice claims and by the doctrine of judicial estoppel. For the reasons stated below, the Court denies defendants' motion for summary judgment.

## Statute of Repose

The purpose of a statue of repose is to terminate the possibility of liability after a defined period of time, whether or not the potential plaintiff is aware of her cause of action. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422, 490 N.E.2d 665, 668 (1986). Illinois has adopted a statute of repose for legal malpractice suits which requires such suits to be commenced no later than six years after the date on which the act or omission on which the suit is based occurred. 735 ILCS 5/13-214.3(c).

The commencement of the six-year repose period is not related to the accrual of a cause of action, and thus it can begin before an injury has been discovered or even occurred. *Goodman v. Harbor Market*, 278 Ill. App. 3d 684, 690-91, 663 N.E.2d 13, 18 (1995). Though this may "yield seemingly harsh and unfair results," a statute of this type does not violate due process. *See Anderson v. Wagner*, 79 Ill.2d 295, 305, 402 N.E.2d 560, 564 (1979) (medical malpractice statute of repose).

Illinois courts have interpreted § 13-214.3(c) to provide that the repose period begins to run with the "last act of representation upon which the malpractice is founded." *O'Brien v. Scovil*, 332 Ill. App. 3d 1088, 1089, 774 N.E.2d 446, 467 (2002). Tidemann and the defendants sharply disagree as to when the last act of representation occurred in the liability action.

Schiff Hardin's representation of Tidemann commenced on June 26, 1990. In 1991, the defendants filed a strict liability suit on Tidemann's behalf against Nadler.[2] According to Tidemann, defendants told her they did not name Club Car as a defendant because only Nadler could be held liable since it had reconditioned the golf cart. Defendants retained an engineering expert, Robert Tarosky, who examined the golf cart in January 1993. At trial, the parties stipulated that between the time of the accident and Tarosky's examination, the cart had been in a garage for years, and then its key switch was tightened and it was put back into service. Def. Ex. F, trial transcript at 357. The trial court ruled that the stipulation did not lay a sufficient foundation to find that the golf cart had stayed in the same condition from the time of the accident through 1993, and therefore it directed the jury to ignore portions of Tarosky's testimony related to the condition of the golf cart. Tarosky was the only expert defendants hired to testify as to the condition of the golf cart and causation of the accident.

The jury returned a verdict in February 1998, finding that Nadler was only 18% at fault for the accident while Tidemann was 82% at fault. Under Illinois law, that mean Tidemann lost entirely. She filed timely motions for judgment notwithstanding the verdict and for a new trial. In March 1999, the trial court denied those motions. Judgment was entered against Tidemann, and the trial court awarded Nadler costs. Tidemann appealed the verdict, based partly on the trial court's ruling excluding Tarosky's testimony. The Seventh Circuit affirmed the trial court's ruling and cost award in August 2000, and Tidemann's petition for rehearing was denied on November 1, 2000. *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719 (7th Cir. 2000). Tidemann filed the present malpractice suit in August 2002.

---

[2]*Tidemann v. Nadler Golf Car Sales, Inc.*, No. 91 C 4053.

Defendants assert that the statute of repose began to run in either 1991, when Tidemann's liability suit was filed without naming Club Car, or January 1993, when Tarosky examined the golf cart and the statutes of repose and limitations barred a strict liability suit against Club Car. According to defendants, it was the omissions they made on either of these dates which are the basis for Tidemann's malpractice suit. Defendants' argument is supported by the report of Tidemann's own expert, John J. Dwyer, Jr. Dwyer, an attorney, examined Schiff Hardin's representation during the liability suit and determined that Schiff Hardin should not have waited until 1993 to have an engineering expert examine the golf cart. Def. Ex. J, Dwyer's Report. If Schiff Hardin had hired an engineering expert earlier, Dwyer opines that the expert would have advised Schiff Hardin that Tidemann did in fact have a strict liability claim against Club and assertion of a strict liability claim against Club Car would have allowed admission of Tarosky's testimony concerning defects in the golf cart. *Id.* By 1993, when Schiff Hardin did finally hire an expert, the applicable statute of limitations and statute of repose barred a strict liability claim against Club Car. *Id.* Therefore, defendants argue, the injury Tidemann claims to have suffered in this malpractice suit was the result of an alleged error or omission they made no later than 1993.

Tidemann argues that the statute of repose did not begin to run until November 1, 2000, the date on which the Seventh Circuit issued its final ruling on the Nadler case and the last date on which Schiff Hardin represented her. She bases this argument on the theory that defendants engaged in a continuing course of representation throughout the Nadler case which tolled the statute of repose period until the end of that representation. Illinois courts, however, have expressly rejected a continuous representation rule in legal malpractice actions. *Witt v. Jones &*

*Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 544, 646 N.E.2d 23, 25 (1995); *Sorenson v. Law Offices of Theodore Poehlmann*, 327 Ill. App. 3d 706, 710, 764 N.E.2d 1227, 1231 (2002). *O'Brien*, the case on which Tidemann relies to support her contention that the statute did not start to run until the defendants ended their representation of her, actually holds no such thing. Rather, the court in that case said that it could not pinpoint when the malpractice had occurred, and that it had to have occurred by the time the attorney stopped representing the plaintiff, and if so the statute of repose had run. *O'Brien*, 332 Ill. App. 3d at 1090-91, 774 N.E.2d at 468. The case is not particularly helpful in the completely different circumstances that exist in this case.

Tidemann alternatively argues that the statute of repose did not begin to run until March 3, 1999, when the trial court denied her post-trial motions, thereby terminating her case. In support for the use of this date, Tidemann relies on *Frika v. Bauer*, 309 Ill. App. 3d 82, 722 N.E.2d 718 (1999). A review of that case, however, reveals that Tidemann's reliance on it is misplaced. Frika and his wife were represented by attorney Bauer, who prepared a deed for a parcel of property. Frika sued Bauer for malpractice for failing to notify him regarding the effect the deed would have on his ownership interest in the property. Bauer argued on a motion to dismiss that the statute of repose barred the malpractice claim. In considering when the statute of repose began to run, the court stated:

> We hold that the attorney malpractice period of repose similarly begins to run on the last date on which the attorney performs the work involved in the alleged negligence. Although omission may cause the injury, those omissions must occur in the context of some affirmative acts of representation. When the acts of representation end, the period of repose must begin, even if the continuing omissions may contribute to injury.

*Id.* at 86-87, 722 N.E.2d at 722. Frika argued that Bauer's acts of representation did not end until the deed was executed. The court disagreed and held that the representations on which the

5

malpractice suit was based ended at the time of Bauer's negligent advice regarding the deed. *Id.* at 87, 722 N.E.2d at 722. The fact that Bauer continued to represent Frika after the statute of repose began to run was irrelevant. In so ruling, the court relied on *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 361, 703 N.E.2d 473, 482 (1998), which held that the six-year period repose period begins to run "from the date of the negligent advice," even though the effect of this rule may be harsh.

The Court's review of Illinois law persuades us that the statute of repose on Tidemann's malpractice claim began to run, at the latest, in January 1993. As of that date, Club Car was not and could no longer be named as a defendant, because the statutes of limitations and repose on Tidemann's claims against the company had run. If malpractice occurred, it had occurred by the time those statutes expired and Tidemann lost the opportunity to bring a strict liability claim against Club Car. Though Schiff Hardin continued to represent Tidemann in her suit against Nadler, the representation had no further effect on Tidemann's ability - or inability - to sue Club Car. In other words, any error or omission claimed to constitute malpractice ended in January 1993. "The statute of repose runs from the time of the acts or omissions alleged to have caused injury; the fact that the attorney-client relationship endures thereafter does not affect the repose period." *Sorenson*, 327 Ill. App. 3d at 710, 764 N.E.2d at 123; *see also, e.g., Hester v. Diaz*, 346 Ill. App. 3d 550, 554-55, 805 N.E.2d 255, 260 (2004) (statute of repose began to run on date case was dismissed for want of prosecution due to lawyer's default, not when motion to reinstate was denied two years later).

## Equitable Estoppel

Tidemann argues that the doctrine of equitable estoppel bars defendants from asserting a

statute of repose defense. The doctrine of equitable estoppel provides that a defendant cannot benefit from his own misconduct. *Cramsey v. Knoblock*, 191 Ill. App. 3d 756, 765, 547 N.E.2d 1358, 1364-65 (1989). A plaintiff asserting equitable estoppel must show that the defendant "said or did something to lull or induce the plaintiff to delay the filing of his claim until after the limitations period has run." *Id; see also, Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 252, 633 N.E.2d 627, 632 (1994) (plaintiff must show that he reasonably relied on "defendant's conduct or representations in the forbearing suit").

In considering a claim of equitable estoppel in a legal malpractice action, the court will take into consideration the fact that as Tidemann's attorneys, the defendants owed her a fiduciary duty. *Id.* The existence of a fiduciary relationship does not, however, establish equitable estoppel by itself. Tidemann must still present evidence that defendants induced her to delay the filing of her malpractice suit until after the statute of repose had run. *Id.* at 766, 547 N.E.2d at 1365.

Tidemann claims that she did not file the malpractice suit earlier because she relied on defendants' statements that she did not have a legal claim against Club Car; that she lost at trial only because of the trial court's erroneous rulings; and that the erroneous rulings would likely be overturned on appeal. In support of these claims, Tidemann presents her deposition testimony, her affidavit, and an affidavit from her husband. Pl. Exs. 4, 12, and 13.

Defendants argue that this evidence is insufficient to withstand summary judgment. In considering a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Tidemann, the non-moving party, is

7

required only to produce "proper documentary evidence" to support her claim. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 324 (1986). A signed affidavit from the non-moving party constitutes such evidence. *Courtney v. Biosound*, 42 F.3d 414, 417 (7th Cir. 1994).

Defendants next argue that even if Tidemann's assertions are believed, the doctrine of equitable estoppel does not bar a statute of repose defense. Defendants, however, fail to cite any Illinois case law supporting this argument. In fact, several Illinois cases suggest that a plaintiff in a malpractice case can use equitable estoppel to bar a defendant from asserting a statute of repose defense.[3] In *Witherell v. Weimer*, 118 Ill. 2d 321, 515 N.E.2d 68 (1987), for example, the trial court instructed the jury in a medical malpractice action that equitable estoppel could be applied to bar a statute of limitations defense. The jury returned a verdict against the doctor based on its finding that the doctor was equitably estopped from asserting the statute of limitations defense. The doctor appealed, arguing that the trial court should have instructed the jury on the statute of repose. The Illinois Supreme Court ruled that the failure to instruct on the statute of repose was harmless because "the principle of equitable estoppel applies to the repose period as well as the limitations period." *Id.* at 331-32, 515 N.E.2d at 73; *see also*, *Mega v. Holy Cross Hosp.*, 111 Ill. 2d at 424-25, 490 N.E.2d at 669 (citing *Witherell* for the proposition that equitable estoppel "may prevent" a defendant from raising a statute of repose defense).[4]

---

[3]Tidemann cites *Jackson Jordan*, 158 Ill. 2d at 243, 633 N.E.2d at 628, in support of her equitable estoppel claim. *Jackson Jordan*, however, permitted the plaintiff to assert that equitable estoppel barred a law firm from asserting a statute of limitations defense, and is therefore irrelevant to the statute of repose defense at issue in this case.

[4]Defendants argue that *Witherell* is distinguishable because it involved the medical malpractice statute of repose, which is worded differently than the legal malpractice statute of repose. The medical malpractice statute of repose states that an action is barred eight years after the date "on which occurred the act or omission or occurrence alleged" to have caused the injury,

8

Likewise, in *Hester v. Diaz*, the court considered whether the actions of the defendant attorneys "equitably bar the defendants from raising the statute of limitations and the statute of repose." 346 Ill. App. 3d at 555, 805 N.E.2d at 260. The court decided that the plaintiff was not barred from asserting equitable estoppel, but that at the motion to dismiss stage, it lacked sufficient information to rule either way on the estoppel issue. *Id.* at 556, 805 N.E.2d at 261. Finally, in *Serafin v. Seith*, 284 Ill. App. 3d 577, 589, 672 N.E.2d 302, 311 (1996), the court permitted plaintiff to argue that the defendant law firm should be estopped from asserting the statute of repose. The court never actually applied equitable estoppel to the statute of repose, however, because it was able to rule on alternative grounds. *Id.*

A review of case law from other states reveals that they are divided over whether a plaintiff can invoke the doctrine of equitable estoppel to defeat a statute of repose defense. *Compare Schendt v. Dewey*, 246 Neb. 573, 582, 520 N.W.2d 541, 548 (1994) (equitable estoppel can be asserted against a medical malpractice statute of repose); *Esener v. Kinsey*, 240 Ga. App. 21, 23, 522 S.E.2d 522, 524 (1999) (allowing equitable estoppel to be used to bar a statute of repose defense in a legal malpractice case); *Hoffner v. Johnson*, 660 N.W.2d 909, 917 (N.D. 2003); *One North McDowell Assn. v. McDowell Development Co.*, 389 S.E.2d 834, 836 (N.C. App. 1990); *with Florida Dept. of Health and Rehabilitative Services v. S.A.P.*, 835 So.2d 1091, 1100 (Fl. 2003) (statutes of repose "foreclose all forms of equitable relief"); *Joyce v. Garnaas*, 983 P.2d 369, 374 (Mont. 1998) (equitable estoppel can be used in medical malpractice cases,

---

735 ILCS 5/13-212(b), while the legal malpractice statute of repose states that an action is barred six years after the date "on which the act or omission occurred." 735 ILCS 5/13-214(c). Indeed, defendants offer no explanation why the slight difference in wording distinguishes the two statutes. This is a distinction without difference.

9

but not in legal malpractice cases to bar the statute of repose defense).

In *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), the Seventh Circuit stated that equitable estoppel cannot be used to bar a federal statute of repose defense because the "very purpose [of a statute of repose] is to set an outer limit unaffected by what the plaintiff knows." But because the court was dealing with federal law, *Cada* does not govern this case. In sum, because Illinois case law indicates that the doctrine of equitable estoppel can be applied to bar a statute of repose defense, the Court rejects defendants' argument that Tidemann's equitable estoppel claim is without merit.

The question remains whether the claim of equitable estoppel allows Tidemann to avoid summary judgment based on the statute of repose defense. As stated earlier, Tidemann has presented the Court with evidence supporting her claim of equitable estoppel, *see* Pl. Ex. 4, 12 & 13, and defendants have presented evidence tending to show otherwise. *See* Def. 56.1 Stmt., Exs. A, B, C & D. In the present context, however, the Court must view the facts in the light most favorable to Tidemann. Based on the evidence presented by Tidemann, a reasonable fact finder could determine that defendants' representations induced her to delay filing a malpractice action until after the six-year period of repose had expired. Defendants are therefore not entitled to summary judgment based on the statute of repose defense.

### Statute of Limitations

Defendants next argue that Tidemann's claim is barred by Illinois' two-year statute of limitations for legal malpractice actions. Under that statute, a legal malpractice action against must be "commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-

214.3(b). This two year period, however, does not begin to run until the plaintiff discovers that she has been injured and that her injury was wrongfully caused. *Jackson Jordan*, 158 Ill. 2d at 249, 633 N.E.2d at 631. This so-called discovery rule tolls the statute of limitations until an injured person becomes possessed of sufficient information concerning her injury as would put a reasonable person on inquiry to determine whether actionable conduct was involved. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 86, 651 N.E.2d 1132, 1139 (1995) (internal citation omitted). Tidemann asserts that she did not discover that she lost her case against Nadler as a result of omissions by her attorneys until she consulted with another attorney about her case in January 2001.[5] Until that time, Tidemann claims, she relied on her attorneys' representations that the trial judge made reversible errors, Pl. Ex. 4 at 106, that she had the best attorneys money could buy, and that she should have faith them. *Id.* at 103.

Defendants argue that the two-year statutory period began to run no later than February 1998, when the jury returned an adverse verdict. At that time, they claim Tidemann knew that Club Car had not been sued; that the engineering expert had not examined the cart until 1993; and that even if the Seventh Circuit granted a new trial, the new trial would still only be against Nadler, not Club Car.

Defendants overlook, however, the fiduciary nature of the attorney-client relationship. A client of a law firm can rely on the advice of her attorneys and she is not required to seek a second opinion to confirm the soundness of that advice. *Jackson Jordan*, 158 Ill. 2d at 252-53, 663 N.E.2d at 632. Furthermore, determination of the time at which the plaintiff had the

---

[5]Tidemann claims that her husband convinced her in 2001 to have her case against Nadler reviewed by another attorney.

11

requisite knowledge to satisfy the discovery rule is generally a question of fact, making summary judgment inappropriate unless the undisputed facts allow for only one conclusion. *Id.* at 250, 633 N.E.2d at 631. This case is not one in which the undisputed facts convince the Court that there is only one possible date on which the statute of limitations began to run. If Tidemann is correct, the statute began to run in 2001 and the 2002 filing of the malpractice action was timely. On the other hand, if defendants are correct, the two-year period began to run in 1998 thereby barring Tidemann's case. Because the facts support more than one conclusion, summary judgment is inappropriate. *Id.* at 251, 633 N.E.2d at 631; *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171-72, 421 N.E.2d 864 (1981) (the time of discovery in a malpractice action should remain a question for the jury).

## Judicial Estoppel

Defendants' third argument is that Tidemann's claim is barred by judicial estoppel. The doctrine of judicial estoppel precludes a plaintiff from pursuing claims about which she had knowledge, but did not disclose, during bankruptcy proceedings. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783-85 (9th Cir. 2001). Tidemann filed a bankruptcy petition in Minnesota in January 1992, after Schiff Hardin filed the complaint against Nadler. She received a discharge in the bankruptcy case in April 1992.

Defendants have supplied the Court with Tidemann's bankruptcy petition and other bankruptcy documents which show that Tidemann failed to disclose her suit against Nadler. Def. Ex. L. Several Circuits have ruled that when the debtor fails to disclose a cause of action, she is then judicially estopped from pursuing that cause of action after emerging from bankruptcy. This rule is considered necessary to preserve the integrity of the bankruptcy system, which depends on

full and honest disclosure by debtors. *See, e.g., In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

Defendants' judicial estoppel argument might have validity if it were directed against Tidemann's liability suit against Nadler; it appears that she failed to disclose that claim despite knowing of its existence. Def. Ex. L. The Court is not persuaded, however, by defendants' attempt to apply judicial estoppel to the legal malpractice lawsuit at issue in this case. In 1992, when she filed the bankruptcy petition, Tidemann did not have sufficient facts to indicate that she had a cause of action against Schiff Hardin and her attorneys. *Hamilton*, 270 F.2d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy."). Indeed, defendants do not argue that she did. Furthermore, defendants do not contend, and cite no authority, that judicial estoppel applies to claims that later arise out of claims that were not disclosed in bankruptcy filings. For these reasons, the Court concludes that judicial estoppel does not bar Tidemann's claims in this case.

## Conclusion

Defendants' motion for summary judgment [docket no. 47] is denied. The case is set for a status hearing on February 23, 2005 at 9:30 a.m. for the purpose of setting a trial date and schedule for completing the remainder of discovery.

_____
MATTHEW F. KENNELLY
United States District Court

Date: February 14, 2005